UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DATA PROCESSING SCIENCES CORP., | : | Case No. 1:14-cv-740 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| LUMENATE TECHNOLOGIES, LP, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER: (1) DENYING DPS'S MOTION FOR SUMMARY JUDGMENT (Doc. 3);
AND (2) DENYING DPS'S MOTION TO DISMISS (Doc. 13)**

This civil action is before the Court on: (1) DPS's motion for summary judgment

(Doc. 3)[1] and the parties' responsive memoranda (Docs. 11, 15); and (2) DPS's motion to

dismiss (Doc. 13) and the parties' responsive memoranda (Docs. 19, 21, 25).

## I.     BACKGROUND FACTS AND PROCEDURAL POSTURE

On August 1, 2013, a $4,500,000 promissory note ("Note") was provided to DPS

by the Defendants Lumenate Technologies, LP and Lumenate, LLC (collectively,

"Lumenate") as payment for their purchase of DPS's business.  Specifically, Lumenate

acquired DPS's business assets pursuant to an Asset Purchase Agreement ("APA").  The

first payment of $1,500,000 was due one year later on August 1, 2014, but Lumenate

failed to make this payment constituting default under the Note.  On August 16, 2014,

---

[1] DPS requested oral argument on its motion for summary judgment.  (Doc. 3 at 1).  The Court
finds the pleadings are clear on their face, and that oral argument is not necessary.  *See
Whitescarver v. Sabin Robbins Paper Co*., Case No. C-1-03-911, 2006 U.S. Dist. LEXIS 51524,
at *7 (S.D. Ohio July 27, 2006) (J. Dlott) ("Local Rule 7.1(b)(2) leaves the court with discretion
to grant a request for oral argument.").

DPS accelerated all amounts due on the Note. DPS claims that there are no genuine issues of material fact relating to its allegations and seeks entry of summary judgment against Lumenate Technologies, LP and Lumenate, LLC, jointly and severally, in the amount of $4,082,718.49, plus interest.[2]

DPS moved for summary judgment on the Note before Lumenate filed an answer. (Doc. 3). Subsequently, Lumenate filed an answer raising several affirmative defenses, including a denial that the Note was due. (Doc. 4). Lumenate also asserted a counterclaim arising out of DPS's alleged breaches of representation, warranties, and other provisions of the APA. (*Id.*) In response, DPS filed a motion to dismiss the counterclaim, alleging that the sole claim set forth in the counterclaim was subject to arbitration under the APA. (Doc. 13).

This Court determined that Lumenate's counterclaim, which alleges a breach of the APA, could not be heard by this Court on its merits because the APA provides that any claim for indemnity must be arbitrated. (APA at § 8.6; Doc. 22 at 4). Additionally, this Court determined that "[t]he amount owed under the Note cannot be fixed without a determination of [Lumenate's] set-off rights" and "the arbitrable claims for offsets against the Note are also affirmative defenses." (Doc. 22 at 5). Accordingly, the Court stayed this case so that these issues could be arbitrated before proceeding with DPS's claim under the Note. (*Id.* at 6).

---

[2] DPS credited Lumenate with customer remittances, so only $4,082,718.49 remains on the Note.

The Arbitrator determined that DPS breached the APA, but since Lumenate failed to evidence damages, Lumenate was not entitled to set-off. (Doc. 1-1 at 6-8). Furthermore, the Arbitrator granted DPS's counterclaim on the Note and awarded DPS $4,141,927, plus interest. (*Id.* at 10-11).

Upon receipt of the arbitration award, the Court lifted the stay in this case and reinstated DPS's motion for summary judgment and motion to dismiss. (3/22/16 Notation Order). DPS argues that, given the Arbitrator's award, there are no issues of material fact regarding its claim against Lumenate on the Note. (Doc. 23). Accordingly, DPS moves the Court for summary judgment. (*Id.*)

Subsequently, Lumenate filed a motion to vacate or modify the arbitration award (Case No. 1:16cv387, Doc. 13). Upon review, the Court determined that since DPS's indemnification counterclaim was explicitly "on the Note," and Ohio state and federal courts have "exclusive" jurisdiction over any claims "on the Note," the Arbitrator lacked jurisdiction over DPS's counterclaim. (Case No. 1:16cv387, Doc. 15). Accordingly, the Court vacated the Arbitrator's award of $4,141,927 to DPS. (*Id.*)

## II.    STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine

disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (1986).

## III.   ANALYSIS

This civil action was stayed pending arbitration because if Lumenate prevailed on their affirmative defenses or counterclaim, DPS's alleged material breach of the APA would excuse, in whole or in part, Lumenate's obligations under the Note. However, the arbitration did not resolve all disputed facts. There is still a dispute about whether payment is due under the Note. Non-payment of the Note "is insufficient to establish that [plaintiff] is entitled to judgment on the Note[] under Ohio law." *Union Cent. Life Ins. Co. v. Andraos*, No. 1:09cv758, 2011 U.S. Dist. LEXIS 104003, at *10 (S.D. Ohio Aug. 5, 2011).[3]

In the award, the Arbitrator explicitly found that DPS breached the APA by failing to make numerous disclosures. (Case No. 1:16cv387, Doc. 1-1 at PageID 10-11 (finding

---

[3] *See also England v. O'Flynn*, Case No. 18952, 2002 Ohio App. LEXIS 54, at *24 (Ohio App. Jan. 11, 2002) ("After reviewing the various agreements, we find that they are inextricably intertwined and that the obligation to repay the promissory note was affected by England's compliance with the remaining contractual obligations.").

that DPS "fell short of painting a fair picture of some of the troubles experienced in [DPS's business]" and did not share with Lumenate that William Hahn, a "key employee," and other employees were unwilling to stay with the company); *id.* at PageID 11 ("Many of the circumstances creating pressure on the managed services business, such as overworked technical staff, were not disclosed."); *id.* at PageID 13 ("DPS and Nesbitt did indeed fail in their duty to disclose information about certain troubled clients and employee morale in Chicago."); *id.* ("DPS and Nesbitt indeed failed to disclose that Cisco Gold status was in jeopardy before closing: DPS had been placed on a 'Get Well Program.'")).  The Arbitrator further ruled that DPS concealed the state of its business where "[t]he DPS team should have been more thorough in their written answers to due diligence questions" and where "DPS and Nesbitt discouraged Lumenate form interviewing key DPS employees."  (*Id.* at PageID 11).  Furthermore, the Arbitrator found that DPS did not disclose that its business with Garmin (a pre-acquisition customer of DPS), would be significantly reduced.  (*Id.* at PageID 13).  Despite the fact that DPS and Nesbitt breached their representations and warranties and failed to disclose all the facts related to the "condition of the business," the Arbitrator declined to award Lumenate any damages or other remedy, because Lumenate failed to evidence injury or damages.  (*Id.* at PageID 13).

The Arbitrator determined that Lumenate is not entitled to set-off damages, but DPS's right to interest and to accelerate the balance of the Note (both of which arise exclusively under the Note and not the APA) is subject to Lumenate's affirmative

defense.[4]  (Case No. 1:16cv387, Doc. 1-1 at PageID 17) (denying Lumenate's set-off

damages, yet failing to decide whether DPS's and Nesbitt's breaches were "material").

Lumenate is entitled to use the Arbitrator's factual findings that DPS and Nesbitt

breached the APA, as an affirmative defense against DPS's claims arising out of the

Note.  *Bash v. Laikin*, No. 5:13cv2371, 2014 U.S. Dist. LEXIS 106082, at *42 (N.D.

Ohio Aug. 1, 2014) ("Pursuant to the doctrine of first material breach, [a] party first

guilty of a material breach of contract may not maintain an action against the other party

or seek to enforce the contract against the other party should that party subsequently

breach the contract.").

　　　　If DPS's breaches, as identified by the Arbitrator, constitute "material" breaches,

DPS is not entitled to acceleration of the entire balance of the Note.  "Under Ohio law,

'a non-breaching party to a contract is excused from complying with conditions of the

contract, when the party for whose benefit the condition operates has already materially

breached the contract.'"  *Capital City Energy Grp., Inc. v. Kelley Drye & Warren, LLP*,

975 F. Supp. 2d 842, 860 (S.D. Ohio 2013) (quoting *Jackson v. State Farm Fire & Cas.

Co.*, 461 F. App'x 422, 426 (6th Cir. 2012)).  When a party materially breaches a

contract, the provisions of the contract become unenforceable against the non-breaching

party, and the injured party is justified "in exercising a right to self-help by suspending

performance."  *Lewis & Michael Moving & Storage, Inc. v. Stofcheck Ambulance Serv.,*

---

[4] "SIXTH DEFENSE[:] [DPS]'s claim is barred by reason of its prior, material breaches of the [APA] between [DPS] and [Lumenate], dated as of July 1, 2013, underlying the obligations of the promissory note at issue."  (Case No. 1:14cv740, Doc. 4 at PageID 69).

*Inc.*, No. 05AP-662, 2006 Ohio App. LEXIS 3775, at *12 (Ohio App. July 25, 20016) (quoting Farnsworth, Contracts § 8.18 at 525 (3d ed. 2004) and Restatement (Second) of Contracts § 242 (1981) ("The injured party need not suspend performance indefinitely, however.  After some period of time, the injured party can put an end to the contract by terminating it.")).

"The determination of whether a party's breach of a contract was a 'material breach' is generally a question of fact." *Broad St. Energy Co. v. Endeavor Ohio, LLC*, No. 1:12cv711, 2014 U.S. Dist. LEXIS 55765, at *17 (S.D. Ohio Apr. 22, 2014).[5]  "The reasoning behind this principle is that to determine whether a party's breach was material requires, inter alia, an examination of the parties' injuries, whether and how much the injured parties would or could have been compensated, and whether the parties acted in good faith…All of these inquires turn on subjective facts." *O'Brien v Ohio State Univ.*, 2007 Ohio App. LEXIS 4316, at *8-9 (Ohio App. Sept. 20, 2007).  Accordingly, whether DPS's breaches are material is a disputed issue of fact which precludes summary judgment.

---

[5] *See also In re Bachinski*, 393 B.R. 522, 543 (S.D. Ohio 2008) ("materiality is a factual issue (as to the parties' intent) and therefore is inappropriate for summary judgment.") (citing *DeBoer Structures (U.S.A.) Inc. v. Shaffer Tent & Awning Co.*, 233 F.Supp.2d 934, 956-57 (S.D. Ohio 2002) (materiality of breach is a factual issue warranting denial of summary judgment)).

## IV.    CONCLUSION

For these reasons:

(1)     DPS's motion for summary judgment (Doc. 3) is **DENIED**;

(2)     DPS's motion to dismiss (Doc. 13) is **DENIED** as **MOOT** to the extent that the Counterclaim has been adjudicated by the Arbitrator and **DENIED** to the extent that a jury must determine if DPS's breaches are material; and

(3)     The parties shall meet and confer and jointly email chambers (black_chambers@ohsd.uscourts.gov) on or before **May 26, 2016** with proposed trial dates.

**IT IS SO ORDERED**.

Date:  5/16/16                                          *s/ Timothy S. Black*
                                                        Timothy S. Black
                                                        United States District Judge